## BRIGGS–WEAVER MACHINERY CO. v. RITCHIE.

### No. 12255.

Court of Civil Appeals of Texas. Dallas.
July 17, 1937.
Rehearing Denied Sept. 25, 1937.

Thomas G. Burke and Richard B. Shults, both of Dallas, for appellant.

Burt Barr and Shelby S. Cox, both of Dallas, for appellee.

LOONEY, Justice.

J. W. Ritchie, appellee, sued Briggs-Weaver Machinery Company, appellant, to recover damages for the breach of an alleged contract regarding the sale of a pump to the owners of the Medical Arts building in the city of Dallas, and its installation in said building. The substance of appellee's allegation is that, prior to the consummation of the sale, the parties had an agreement whereby appellant was to pay appellee a commission of 10 per cent. of the sales price, for assisting in bringing about the sale, and that, before its consummation, it was agreed that, in lieu of the commission agreed upon, appellee would accept and be given the job of installing the pump and its equipment for the sum of $250, plus certain pipes, etc., salvaged from the well in which the pump was to be installed, and that this was subsequently modified, whereby appellee would be paid for the work of installation the sum of $180 and the salvaged pipes, etc.

Appellant answered by general demurrer and general denial. On trial without a jury, the court rendered judgment in favor of appellee against appellant for the sum of $186, from which this appeal was taken.

Appellant's main contention is that appellee failed, by clear and convincing proof, to establish the contract alleged. We sustain this contention. Appellee relied almost exclusively upon his own testimony to establish the contract alleged, which, in our opinion, is inconclusive and unsatisfactory, whilst that of appellant is explicit, to the effect that no such contract as alleged was ever consummated.

In view of another trial, we refrain from further comment upon the evidence. The case will be reversed, because of the inconclusive and unconvincing nature of the evidence offered by appellee to establish the contract, but, in view of the entire record, we are unwilling to render judgment against appellee, instead remand the case for further proceedings.

Reversed and remanded.